Fortunado L. DICTADO, Petitioner–Appellant,

v.

Kenneth DUCHARME, Respondent–Appellee.

No. 98–35531.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1999

Opinion Filed Aug. 26, 1999

Opinion Withdrawn March 28, 2001

Opinion Filed March 28, 2001

Robert C. Owen, Assistant Federal Public Defender, Seattle, Washington, for the petitioner-appellant.

John J. Samson, Assistant Attorney General, Olympia, Washington, for the respondent-appellee.

Before: BROWNING, BEEZER and KLEINFELD, Circuit Judges.

## ORDER

BEEZER, Circuit Judge:

The opinion filed on August 26, 1999, published in 189 F.3d 889, is withdrawn.

## OPINION

Fortunado Dictado appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court concluded that Dictado filed his petition after the expiration of the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1), the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and dismissed the petition as untimely. Dictado argues that the limitations period was tolled while his 1997 personal restraint petition was pending in the Washington state courts. We have jurisdiction. 28 U.S.C. §§ 1291, 2253. We reverse and remand.

## I

In 1982, a Washington jury convicted Dictado of two counts of first-degree murder. The state court sentenced him to life in prison without the possibility of parole. The Washington Supreme Court affirmed the conviction and sentence on direct review. *See State v. Dictado*, 102 Wash.2d 277, 687 P.2d 172 (1984). The Washington Supreme Court issued its mandate terminating review on August 22, 1984.

In June 1988, Dictado filed a personal restraint petition in the Washington Court of Appeals, alleging that he had been denied effective assistance of counsel. The Court of Appeals dismissed Dictado's petition on December 21, 1988. Dictado was denied discretionary review by the Washington Supreme Court on April 18, 1989.

Dictado filed his second and third personal restraint petitions in 1993. After the Washington Court of Appeals summarily denied review, Dictado sought discretionary review by the Washington Supreme Court. The Washington Supreme Court denied review, holding that both petitions were properly dismissed as time-barred.

Dictado's next petition for relief was filed on February 16, 1997. The Washington Court of Appeals dismissed the petition on March 7, 1997. Dictado timely appealed the dismissal to the Washington Supreme Court. And, on April 18, 1997, the Washington Supreme Court denied discretionary review of the dismissal because the petition was both "repetitive and untimely."

Dictado filed his petition for federal habeas corpus relief on May 15, 1997, which was dismissed as time-barred on March 16, 1998.[1] Dictado filed a timely notice of appeal on March 25, 1998. The district court denied a certificate of appealability.

We granted a certificate of appealability as to whether Dictado's 1997 personal restraint petition was a properly

---

**1.** Dictado originally filed a federal habeas corpus petition on October 12, 1989. On Dictado's own motion, the district court dismissed this petition without prejudice on October 2, 1990.

filed application for state post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2). We review de novo the dismissal of a federal habeas corpus petition. *See McQueary v. Blodgett*, 924 F.2d 829, 832 (9th Cir.1991).

## II

The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d)(1). We have held that a prisoner with a state conviction that became final prior to the enactment of the AEDPA had until April 23, 1997, to file a federal habeas corpus petition. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir.1997) (concluding that allowing the AEDPA's limitations period to begin before the statute's enactment would have impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). Dictado had until April 23, 1997, to file his federal habeas corpus petition. Dictado filed his habeas corpus petition on May 15, 1997, outside the statutory period.

## A.

Under the AEDPA, the one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Congress did not provide in the AEDPA a definition of a "properly filed application" for tolling purposes.

■ The issue now before us, an issue of first impression in this circuit, is whether a state prisoner's state application which was dismissed as procedurally im-

proper by the state's highest court is a "properly filed application" within the meaning of the tolling provision of the AEDPA. Dictado argues that his February 1997 personal restraint petition was a "properly filed application" that tolled the one-year statute of limitations. We ruled previously that Dictado's petition was not "properly filed" within the meaning of the AEDPA. *Dictado v. Ducharme*, 189 F.3d 889 (9th Cir.1999). We stayed the mandate, however, pending the United States Supreme Court's resolution of *Bennett v. Artuz*, 199 F.3d 116 (2d Cir.1999), *cert. granted* 529 U.S. 1065, 120 S.Ct. 1669, 146 L.Ed.2d 479 (April 17, 2000). The Supreme Court's opinion requires us to withdraw our original *Dictado* opinion.

## B.

*Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), says that a petition for state postconviction relief may be "properly filed" for the purposes of § 2244(d)(2), even if the state petition contains claims that are procedurally barred under state law. The Supreme Court's opinion holds that a petition is considered "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Id.* at 363. The Court deems a petition "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 364. The Court observes that New York's procedural bar to consideration of claims in Artuz's state petition were not a "condition to filing." Rather, the state statutes which served as the grounds for dismissal of the state petition[2] were characterized as "conditions[s] to obtaining relief." *Id.* at 365. Consequently, the AEDPA's one-year statute of limitations was tolled while the procedurally barred but "properly filed" peti-

---

2. New York courts cannot consider claims in collateral motions to vacate a sentence if the claims were already considered on direct appeal from the conviction, unless there has been an intervening change in the law. The state courts also will not consider claims in such motions if the defendant unjustifiably failed to bring them on direct appeal from the conviction. *Artuz*, 531 U.S. at —— n. 1, 121 S.Ct. at 363 n. 1.

tion was "pending" in the New York courts. *See id.*

The Washington Supreme Court here dismissed Dictado's petition on two grounds: (1) it was a successive petition; and (2) the petition was untimely. We first address whether a successive state petition may be considered "properly filed." Second, we address whether an untimely state petition may be considered "properly filed."

## III

■ Consistent with *Artuz*, we hold that Washington's statute governing successive state personal restraint petitions is a "condition to obtaining relief" and not a "condition to filing." The statute here, Wa. Rev. Code § 10.73.140, disfavors successive petitions, but allows a state court to consider a successive petition if it contains claims not raised in previous petitions or "show[s] good cause why the ground was not raised earlier." Similarly, the state statutes in *Artuz* strictly restricted a petitioner's ability to bring repeated motions to vacate state convictions, but did not ban such petitions outright. 531 U.S. at ——, 121 S.Ct. at 363 (citing New York statutes); *see also Lovasz v. Vaughn*, 134 F.3d 146, 148–49 (3d Cir.1998) (stating that although "the Pennsylvania Supreme Court has announced strict rules regarding the granting of second and subsequent [state] petitions," "courts occasionally grant relief in such proceedings"), *cited in Artuz*, 531 U.S. at ——, 121 S.Ct. at 364.

Consequently, the state bar to successive petitions at issue in this case simply "prescribe[s] a rule of decision for a court confronted with claims that were 'previously determined on the merits'" or that could have been raised in a previous petition but were not. *See Artuz*, 531 U.S. at ——, 121 S.Ct. at 365. Under the Washington statute, "the court of appeals shall

review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them." Wa. Rev.Code § 10.73.140. The state court of appeals "shall dismiss" the petition if the grounds were raised previously or petitioner failed to show good cause why the grounds were not raised earlier. As with the New York statutes in *Artuz*, section 10.73.140 does not "purport to set forth a condition to filing.... Motions ... that violate th[is] provision[ ] will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met." 121 S.Ct. at 365.

## IV

■ The second issue is whether Dictado's untimely petition satisfies the state's rules governing filings. Under *Artuz*, a state petition is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. at ——, 121 S.Ct. at 364. The Supreme Court volunteered that "laws and rules governing filings" include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fees." *Id.* Yet it "express[ed] no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 364 n. 2 (citing *Smith v. Ward*, 209 F.3d 383 (5th Cir.2000)).[3]

■ *Artuz*, then, leaves unanswered the issue in this case. The Washington state statute governing state personal restraint petition filings, such as the petition filed by the *Dictado* defendant, contains six exceptions to the statutory time limit. *See* Wa. Rev.Code § 10.73.100(1)-(6). We hold that if a state's rule governing the timely com-

---

**3.** The Fifth Circuit, in *Smith,* held that a petition is properly filed, even if eventually dismissed as untimely, when the state statute governing timely filings contains certain ex- ceptions. The *Smith* court reasoned that the state statute "does not impose an absolute bar to filing; instead, it limits the state court's ability to grant relief." 209 F.3d at 385.

mencement of state postconviction relief petitions contains exceptions that require a state court to examine the merits of a petition before it is dismissed, the petition, even if untimely, should be regarded as "properly filed." Like the state statute at issue in *Smith*, the Washington statute of limitations at issue in *Dictado* "does not impose an absolute bar to filing." *Smith*, 209 F.3d at 385. The statute, therefore, is properly regarded as a "condition to obtaining relief" rather than a "condition to filing." *Artuz*, 531 U.S. at –––– – ––––, 121 S.Ct. at 364–65.

Under this reasoning, Dictado's state personal restraint petition was properly filed. Dictado's February 1997 state petition asserted that it was based on newly discovered evidence, one of six exceptions to the statutory time limit governing state postconviction relief filings. *See* Wa. Rev. Code § 10.73.100(1)-(6) (exceptions to time limits). Absent tolling, Dictado had until April 23, 1997, to file the federal petition. *See Calderon*, 128 F.3d at 1287. The state petition, however, tolled the running of the statute of limitations for approximately two months, while Dictado diligently pursued the state petition from filing on February 16, 1997, through denial of review by the Washington Supreme Court on April 18, 1997.

### V

We reverse the dismissal of Dictado's habeas corpus petition. Although Dictado failed to file his petition within the AEDPA's one-year statute of limitations, this limitations period was tolled by his diligent pursuit of his "properly filed" 1997 personal restraint petition.

REVERSED AND REMANDED.