**David LANI, Petitioner–Appellant,**

v.

**E.K. MCDANIEL, Respondent–Appellee.**

**No. 00–15991.**

**D.C. No. CV–99–00282–ECR.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

David Lani appeals pro se the district court's dismissal of his habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and, applying de novo review, *see McLean v. Crabtree,* 173 F.3d 1176, 1180 (9th Cir.1999), we reverse.

Because Lani's conviction became final before the enactment of the current one-year limit for filing federal habeas claims imposed in April 24, 1996, Lani would normally have had until April 23, 1997 to file his petition. *See Calderon v. District Court,* 128 F.3d 1283, 1287 (9th Cir.1997), *overruled on other grounds,* 168 F.3d 530 (1998); 28 U.S.C. § 2244(d). However, this limitation period is tolled by a pending "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Although Lani's pending state court motions may have been untimely filed, the applicable Nevada statute permits exceptions for good cause. *See* Nev.Rev.Stat. § 34.726(1) (permitting late filing where delay is not petitioner's fault and dismissal would cause undue prejudice). Because Lani's motions were not untimely on their face, the one-year limitation was tolled while they were pending. *See Dictado v. Ducharme,* 244 F.3d 724 (9th Cir.2001).*** Therefore, because Lani's federal habeas petition was filed less than three months after the last state court proceedings was concluded, dismissal was not warranted.

Respondents argued a number of other grounds for dismissal before the district court, and that court, in a footnote, indicated its tentative view that several of these have merit. However, neither party has briefed these alternative grounds upon ap-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*** The district court relied on an earlier disposition of *Dictado* that has been since superseded.

peal, and we decline to reach them sua sponte. Accordingly, we remand for further proceeding so that the district court may decide these remaining questions.

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.