Tommy Lonnell **RAMSEY**, Jr., Plaintiff—Appellant,

v.

Susan **YEARWOOD**, Defendant—Appellee.

No. 99–16370.

D.C. No. CV–98–0210 CW.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001.*

Decided June 4, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM ***

California state prisoner Tommy Lonnell Ramsey, Jr. ("Ramsey") appeals the district court's denial of his 28 U.S.C. § 2254 ("Section 2254") habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo (*Morris v. Woodford,* 229 F.3d 775, 778 (9th Cir.2000)), and we reverse and remand.

Both the California Court of Appeals and the California Supreme Court denied Ramsey's state habeas petitions as untimely under a state procedural bar (see *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993)). Based on those rulings, the district court denied Ramsey's federal petition on two independent grounds:

1. Federal habeas review was assertedly barred because Ramsey had defaulted his federal claims in the state courts pursuant to an independent and adequate state procedural rule.

2. Ramsey's federal petition was assertedly time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Both rulings have been rendered erroneous in light of intervening caselaw.

■ First, we have since held in *Park v. California,* 202 F.3d 1146, 1152–53 (9th Cir.2000) that the *Clark* procedural rule, as applied before 1998, is not independent

and adequate because application of that rule involves consideration of the merits of federal constitutional claims (see also *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 n. 2 (9th Cir.2000)).[1] Hence Ramsey's federal claims are not procedurally defaulted.

As for the timeliness of Ramsey's federal petition, AEDPA imposes a one year statute of limitations on habeas applications by state prisoners (see 28 U.S.C. § 2244(d)(1)). Because Ramsey's state conviction became final before AEDPA's enactment, he had until April 23, 1997 to file a federal habeas petition (*Dictado v. Ducharme,* 244 F.3d 724, 726 (9th Cir. 2001)). That one year post-AEDPA period, however, is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending" (28 U.S.C. § 2244(d)(2)).

■ Consistently with this circuit's authority at the time of its ruling, the district court held that because Ramsey's petitions to the California Court of Appeals and California Supreme Court were procedurally barred under the timeliness rule in *Clark,* they were not "properly filed" for purposes of Section 2244(d)(2). Accordingly the district court found that Ramsey was not entitled to tolling during the time that those habeas petitions were pending, so that his federal petition was untimely under the AEDPA.

But *Dictado,* 244 F.3d at 727–28 has since said in consequence of the interven-

***
*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *In re Robbins,* 18 Cal.4th 770, 77 Cal. Rptr.2d 153, 959 P.2d 311, 339 (1998) modified one of the exceptions to the *Clark* untimeliness bar so that a federal constitutional

violation will be assumed and the possible absence of the exception will be determined exclusively by reference to state law. Here the California Court of Appeals and California Supreme Court decisions at issue were respectively rendered on October 18, 1996 and August 27, 1997.

ing decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000):

> We hold that if a state's rule governing the timely commencement of state post-conviction relief petitions contains exceptions that require a state court to examine the merits of a petition before it is dismissed, the petition, even if untimely, should be regarded as "properly filed."

*Clark* is such a state rule (see exceptions listed in *Clark*, 21 Cal.Rptr.2d 509, 855 P.2d at 760–61). Thus Ramsey's petitions to the California Court of Appeals and California Supreme Court were "properly filed" for purposes of Section 2244(d)(2), and the limitations period was tolled from July 15, 1996 to August 27, 1997, the period during which his state petitions were pending (see *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999)). That rendered Ramsey's federal petition (filed on January 7, 1998) timely under AEDPA.

Hence Ramsey's federal habeas petition was neither procedurally barred nor time barred. We therefore reverse the judgment of the district court and remand the case for further proceedings on the merits.

REVERSED and REMANDED.