**Dyke Edward NELSON, Petitoner–Appellant,**

v.

**John M. RATELLE, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 99–55299.

D.C. No. CV–96–07525–TJH–AN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2000.

Decided June 28, 2001.

Before BROWNING, PREGERSON, and BEEZER, Circuit Judges.

MEMORANDUM [1]

Dyke Edward Nelson appeals the dismissal of his 28 U.S.C. § 2254 petition for habeas corpus as time barred. We have jurisdiction pursuant to 28 U.S.C. § 2253.

Nelson contends that his writ of habeas corpus filed with the California Supreme Court on April 23, 1997 tolled the statute of limitations so that his Amended Petition originally filed on March 28, 1997, and still pending before the district court on August 27, 1997, was timely.

■ We review the dismissal of a petition for a writ of habeas corpus de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

■ The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on habeas petitions by state prisoners. 28 U.S.C. § 2244(d). Since Nelson's conviction became final before the enaction of AEDPA, the statute of limitations was due to expire

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

on April 24, 1997, one year after the act's implementation. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998). The statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Nelson filed a writ of habeas corpus with the California Supreme Court on April 23, 1997, which tolled the statute of limitations until August 27, 1997, the date on which the California Supreme Court dismissed Nelson's petition on procedural grounds. A state habeas petition is still "properly filed" with the state court sufficient to toll the statute of limitations even though a petitioner's claims may be deemed procedurally barred by the state court. *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000); *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001). Nelson's habeas petition was therefore exhausted and before the district court on August 27, 1997, one day before the statute of limitations would have run. The district court should proceed with that petition, although it may allow Nelson leave to amend his petition to cure the defects described in the district court's November 7, 1997 order. Such an amendment would relate back to the petition timely before the district court on August 27, 1997. Fed.R.Civ.P. 15(c)(2); *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir.2000).

REVERSED.