Kailash C. **CHAUDHARY**,
Petitioner–Appellant,

v.

Linda **CLARKE**, Warden, Respondent–Appellee.

No. 00–16585.

D.C. No. CV–98–20887–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Oct. 24, 2001.

---

Before RONEY,* HUG and THOMAS, Circuit Judges.

## MEMORANDUM **

Kailash Chaudhary appeals the district court's dismissal of his habeas petition as untimely filed. We reverse and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court dismissed the petition as untimely under the one year statute of limitations imposed by the Anti–Terrorism and Effective Death Penalty Act ("AED-

PA"). *See* 28 U.S.C. § 2244(d)(1). Because Chaudhary's murder conviction was finalized before the AEDPA took effect, he was entitled to a one-year grace period for filing that ended April 24, 1997. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

Relying on *Dictado v. Ducharme*, 189 F.3d 889, 892 (9th Cir.1999) (*"Dictato I"*), *withdrawn* 244 F.3d 724, 726 (9th Cir. 2001), the district court held that Chaudhary was not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) because Chaudhary's state habeas petition was procedurally defective. Subsequent to the district court's decision in this case, the Supreme Court held that state habeas petitions were to be considered "properly filed" under § 2244(d) even though they were procedurally barred under state law. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Thereafter, we withdrew *Dictato I* and conformed our circuit law to the intervening Supreme Court decision. *Dictado v. Ducharme*, 244 F.3d 724, 726–27 (9th Cir.2001).

In addition, since the district court's decision, we have concluded that a decision of the California Supreme Court is not "final" for purposes of calculating the AEDPA statute of limitations until thirty days after the issuance of the California Supreme Court decision. *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001).

Thus, intervening controlling authority has altered the legal assumptions upon which the district court issued its decision and remand is required. On remand, the district court will be able to consider in the first instance those arguments previously foreclosed by *Dictado I*. We express no

---

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

opinion on the merits of any of the remaining issues.

REVERSED AND REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.