Cecil GOULD, Petitioner–Appellant,

v.

Sherman HATCHER, et al., Respondent–Appellee.

No. 00–17130.

D.C. No. CV–99–01120–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Dec. 19, 2001.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

**MEMORANDUM ** **

AEDPA's statute of limitations is tolled while a "properly filed" state habeas petition is pending. 28 U.S.C. § 2244(d)(2). "[I]f a state's rule . . . contains exceptions that require a state court to examine the merits of a petition before it is dismissed, the petition, even if untimely, should be regarded as 'properly filed.'" *Dictado v. Ducharme,* 244 F.3d 724, 727–28 (9th Cir. 2001). We note that neither *Dictado* nor *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), had yet been decided when this case was in the district court.

Under Nevada law, state courts cannot dismiss a late petition as untimely if the petitioner demonstrates both that the delay wasn't his fault and "[t]hat dismissal . . . will unduly prejudice [him]." Nev. Rev.Stat. 34.726(1). To determine whether a petitioner has made the latter showing, a court must examine the merits of each claim in the petition before dismissing it. Like the state statute at issue in *Dictado,* the Nevada statute of limitations "does

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not impose an absolute bar to filing," and Gould's state habeas petition therefore was "properly filed." *Dictado*, 244 F.3d at 728 (quoting *Smith v. Ward*, 209 F.3d 383 (5th Cir.2000)). AEDPA's one-year period was tolled and Gould's federal petition was timely.

**REVERSED.**