James SHAMBURGER, Petitioner–Appellant,

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 00–56906.

D.C. No. CV–99–12913–DDP (MC).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

James Shamburger, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition on statute of limitations grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and reverse and remand.

Shamburger contends that his section 2254 petition is timely under *Artuz v. Bennett*, 531 U.S. 4, 9–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**892**

(determining that a state petition is properly filed and acts to toll the limitations period when it is delivered and accepted by the court for filing). The district court's ruling which is the subject of this appeal preceded both decisions. Accordingly, as the government concedes, Shamburger's federal petition filed on December 9, 1999, is timely.[1]

**REVERSED and REMANDED.**

1. Because we reverse and remand based on *Dictado,* we do not consider Shamburger's other contentions that tolling is proper because he had state and federal petitions pending or that he is entitled to equitable tolling.

