**Satre L. WILKERSON, Petitioner—Appellant,**

v.

**W.L. BLANKS, Warden, Respondent—Appellee.**

No. 03–56242.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Satre L. Wilkerson, California Men's Colony West, San Luis Obispo, CA, pro se.

Mary E. Sanchez, Esq., Attorney General CA, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Satre Wilkerson appeals the district court's judgment, dismissing with prejudice his 28 U.S.C. § 2254 petition. This court has jurisdiction pursuant to 28 U.S.C. § 2253 and reviews de novo a district court's dismissal of a habeas petition as time-barred. *See Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001). We affirm.

Wilkerson contends he is entitled to statutory tolling because the Antiterrorism and Effective Death Penalty Act's one-year limitation period did not begin to run until after the California Supreme Court denied his state habeas petition. We disagree. Wilkerson's judgment became final, and the limitations period began to run, on December 4, 2000, at the expiration of time in which to file an appeal. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 30.1(a). Given the benefit of tolling for the entire time during which Wilkerson was properly pursuing habeas relief in the California courts, the limitations period was tolled from the time he filed his first state habeas petition until 30 days after the California Supreme Court denied his last habeas petition. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam). Accordingly, Wilkerson had until June 19, 2002 to filed a timely § 2254 petition. He did not file one until March 19, 2003. Therefore, his petition was properly dismissed as untimely.

Wilkerson also asserts an equitable tolling argument based a period of time he spent in prison lockdown. This argument fails because the lockdown period began more than four months after the statute of limitations had run.

**AFFIRMED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny petitioner's request to broaden the certificate of appealability. *See* 9th Cir. R. 22–1.