**Ricardo VASQUEZ, Petitioner–Appellant,**

v.

**Cheryl PLILER, Respondent–Appellee.**

No. 04–57042.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007 *.

Filed Feb. 8, 2007.

Jami L. Ferrara, Esq., San Diego, CA, for Petitioner–Appellant.

Ricardo Vasquez, Represa, CA, pro se.

Douglas P. Danzig, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FISHER, CLIFTON, and SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Ricardo Vasquez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for first degree murder, accessory to attempted murder and second degree robbery. As the parties are familiar with the facts of the case, we recount them only as necessary to support the court's decisions. We vacate the district court's order and remand for further proceedings.

## I. TIMELINESS OF VASQUEZ'S FEDERAL HABEAS PETITION

### A. Statutory Tolling

 The district court determined that Vasquez was entitled to statutory tolling of the one-year limitations period under *Dictado v. Ducharme,* 244 F.3d 724 (9th Cir.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2001), for the time during which his final state habeas petition was pending before the California Supreme Court (March 9, 2003—October 29, 2003). However, following the district court's decision, and after Vasquez filed this appeal, the United States Supreme Court entered its decision in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), which abrogated the holding of *Dictado*. By citing to *In re Clark*, 5 Cal.4th 750, 21 Cal. Rptr.2d 509, 855 P.2d 729 (1993), and *In re Robbins*, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 317–18 (1998), the California Supreme Court denied Vasquez's final state habeas petition as untimely. Vasquez's state petition was therefore not "properly filed" as required by 28 U.S.C. § 2244(d)(2), and Vasquez was not entitled to statutory tolling of the limitations period during the pendency of that state petition. *See Pace*, 544 U.S. at 414, 125 S.Ct. 1807. Thus, Vasquez's federal habeas petition was untimely.

**B. Equitable Tolling**

■ Because Vasquez's federal habeas petition was untimely, it must be dismissed unless Vasquez is entitled to equitable tolling of the statute of limitations. To receive the benefit of equitable tolling, Vasquez must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418, 125 S.Ct. 1807. The district court never addressed whether Vasquez was entitled to equitable tolling. Because the district court did not develop a record on this issue, and because the inquiry is necessarily fact-specific, it is impossible for us to determine on appeal whether Vasquez qualifies for equitable tolling. Therefore, we remand with instructions to the district court to determine whether Vasquez is able to make an adequate showing that he deserves equitable tolling of the statute of limitations.

*See Bonner v. Carey*, 425 F.3d 1145, 1150 (9th Cir.2005), *cert. denied*, —— U.S. ——, 127 S.Ct. 132, 166 L.Ed.2d 97 (2006) ("Although we hold that Bonner's federal petition was untimely, we nonetheless remand this case to the district court so that Bonner can argue his eligibility for equitable tolling, as he has not yet had an adequate opportunity to do that."); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (holding that the determination as to "whether there are grounds for equitable tolling [is] highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record").

**II. EXHAUSTION OF STATE REMEDIES**

If the district court determines that Vasquez is entitled to equitable tolling, it will then need to address Vasquez's argument that his federal petition is not procedurally defaulted because he exhausted his state remedies with respect to Claim One and Claim Seven of that petition. We note that respondent concedes that Vasquez exhausted Claim One, and therefore, should the district court find equitable tolling, it must consider the merits of Claim One.

With respect to Claim Seven, the district court should consider whether Vasquez exhausted the claim on direct review by incorporating, by reference, codefendant Fuerte's juror misconduct claim from Fuerte's petition for review. If Vasquez properly exhausted Claim Seven on direct review, the California Supreme Court's subsequent denial of Vasquez's March 9, 2003, habeas petition on procedural grounds is of no consequence because Vasquez "exhausted [Claim Seven] by presenting it on direct appeal, and was not re-

quired to go to state habeas at all; state rules against that superfluous recourse have no bearing upon his ability to raise [Claim Seven] in federal court." *Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (internal citation omitted).

## III. INDEPENDENT AND ADEQUATE GROUNDS

Finally, if the district court concludes that Vasquez is entitled to equitable tolling, then it must determine whether it is precluded from reaching the merits of Vasquez's exhausted claims because California's timeliness rule "is independent of the federal question and adequate to support the judgment." *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir.2003) (quotation omitted).

### A. Independent

In denying Vasquez's final state habeas petition, the California Supreme Court invoked the California timeliness rule by citing to *In re Clark* and *In re Robbins.* We note that this court has previously "conclude[d] that because the California untimeliness rule is not interwoven with federal law, it is an independent state procedural ground, as expressed in *Clark/Robbins." Bennett,* 322 F.3d at 581.

### B. Adequate

With respect to the adequacy of the California timeliness rule, we note that this court has previously held that the timeliness rule expressed in *In re Clark* and In re *Robbins* is not adequate because it is ambiguous and inconsistently applied. *King v. LaMarque,* 464 F.3d 963, 966–68 (9th Cir.2006) (citing and discussing *Morales v. Calderon,* 85 F.3d 1387 (9th Cir. 1996)). When the state pleads the exis-

tence of an independent and adequate state procedural bar that this court has previously determined to be inadequate, petitioners satisfy their burden "by simply challenging the adequacy of the procedure." *Id.* at 967. Vasquez has done so here. The burden then shifts back to the state to establish that the state procedural rule has since become adequate. *Id.*

## IV. CONCLUSION

We vacate the district court's order and remand with instructions to consider whether Vasquez is entitled to equitable tolling of the one-year statute of limitations. If the district court concludes that Vasquez is entitled to equitable tolling, the district court will conduct further proceedings consistent with this disposition. **VACATED and REMANDED.**