Ryan Oshun **MOORE, Petitioner—Appellant,**

v.

Don **HELLING; Nevada Attorney General, Respondents—Appellees.**

No. 07–16169.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 1, 2008.

**585**

Debra Bookout, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Wieland, Esquire, Senior Deputy Attorney General, Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: NOONAN, KLEINFELD and IKUTA, Circuit Judges.

### MEMORANDUM *

 Ryan Moore is ineligible for statutory tolling of his federal habeas petition during the time his state habeas petition was pending before the Nevada Supreme Court. The Nevada Supreme Court held that Moore's state petition was untimely, and therefore the petition was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

 Moore is entitled to equitable tolling of the one-year statute of limitations under § 2244(d)(2) because his state habeas petition would have been "properly filed" under our decision in *Dictado v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although Moore did not raise this issue to the district court, we granted Moore's motion to expand his certificate of appealability to

*Ducharme,* 244 F.3d 724 (9th Cir.2001).[1] *See Harris v. Carter,* 515 F.3d 1051, 1057 (9th Cir.2008). Moore relied on this court's decision in *Dictado,* and his federal petition became untimely when *Dictado* was overruled by the United States Supreme Court in *Pace. Id.* Moreover, the record establishes that Moore pursued his rights diligently. Therefore, Moore is entitled to equitable tolling of the one-year statute of limitations. Accordingly, we reverse the judgment of the district court dismissing Moore's federal habeas petition as time-barred.

**Reversed and Remanded.**

raise this issue. "Now that the equitable tolling issue has been fully briefed on appeal, we may not review the merits of the [certificate of appealability] expansion ruling." *Smith v. Ratelle,* 323 F.3d 813, 816 n. 4 (9th Cir.2003).