**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRAVON EDWARD CLARDY,

         Petitioner - Appellant,

   v.

MARK CASTELLAW, Warden,

         Respondent - Appellee.

No. 07-55825

D.C. No. CV-06-03048-JSL

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and MAHAN, [**] District Judge.

    Travon Clardy, a California state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. We have

jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* whether the statute

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

of limitations should be tolled. *Townsend v. Knowles*, 562 F.3d 1200, 1204 (9th Cir. 2009). We reverse.

The facts are known to the parties, and we state them here only as necessary to explain our disposition. The California Supreme Court held that Clardy's state habeas petition was untimely. Therefore Clardy's petition was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). As a result, Clardy is ineligible for statutory tolling of the statute of limitations for his federal habeas petition during the time his state habeas petition was pending before the California Supreme Court. *Id.*

Clardy argues that he is entitled to equitable tolling based on his reasonable reliance on *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), overturned by *Pace*.[1] We agree. The record establishes that Clardy pursued his rights diligently; had *Pace* not overturned *Dictado*, Clardy's federal habeas petition would have been timely. Therefore, Clardy is entitled to equitable tolling of the one-year statute of limitations. *See Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008). Accordingly, we reverse the judgment of the district court dismissing Clardy's federal habeas petition as time-barred.

**REVERSED AND REMANDED**.

---

[1] Although Clardy did not raise this issue to the district court, we granted Clardy's motion to expand his certificate of appealability to encompass this issue pursuant to 9th Cir. R. 22-1(e).