**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINALD HANDY, | No. 07-56767 |
| Petitioner - Appellant, | D.C. No. CV-03-04204-ABC |
| v. | |
| G. J. GIURBINO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Reginald Handy appeals from the district court's judgment dismissing his 28

U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28

U.S.C. § 2253, and we reverse.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Handy contends that he was entitled under 28 U.S.C. § 2244(d)(2) to statutory tolling of the period between the California Court of Appeal's denial of his state habeas petition and his filing of a state habeas petition in the California Supreme Court. Because Handy provided no explanation in his state petition for the seven-month delay, as is required under California law, he is not entitled to statutory tolling. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam); *see also Waldrip v. Hall*, 548 F.3d 729, 734-35 (9th Cir. 2008).

Handy further contends that he is entitled to equitable tolling based on his reasonable reliance on *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), *overturned by Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). This contention has merit. The record establishes that Handy pursued his rights diligently; had *Pace* not overturned *Dictado*, Handy's federal habeas petition would have been timely. *See Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008) (holding, in a case decided after the district court's judgment denying Handy's petition, that equitable tolling applied under these circumstances); *see also Townsend v. Knowles*, 562 F.3d 1200, 1205-06 (9th Cir. 2009). Although the Government contends that Handy did not raise this argument in the district court, the record indicates that Handy sufficiently raised the issue in his traverse. Thus, Handy is entitled to equitable tolling of the one-year statute of limitations.

Because Handy is entitled to equitable tolling under *Harris*, we do not address his additional contentions related to equitable tolling. We reverse the judgment of the district court dismissing Handy's petition and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**