FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND GENE PHENIX, | No. 06-17128 |
| Petitioner - Appellant, | D.C. No. CV-03-00485-RCJ |
| v. | |
| JAMES SCHOMIG, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Nevada state prisoner Raymond Gene Phenix appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We

have jurisdiction under 28 U.S.C. § 2253, and we reverse and remand.

Phenix contends that he is entitled to equitable tolling because his 2004

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

federal habeas petition, which became time-barred under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), was timely under circuit law in effect when the petition was filed. *See Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), *overruled by Pace*, 544 U.S. at 417. Phenix is entitled to equitable tolling under this court's decision in *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008).

Like the petitioner in *Harris*, Phenix filed his federal habeas petition in reliance on *Dictado*, and before the Supreme Court decided *Pace*. Phenix diligently pursued his rights by filing numerous petitions for state post-conviction relief "while ensuring that enough time would remain to file a federal habeas petition under the then-existing *Dictado* rule." *Id*. at 1055-56. Extraordinary circumstances over which Phenix had no control – the Supreme Court's decision in *Pace* – made it impossible for Phenix to timely file his petition. *Id*. at 1056. Accordingly, he is entitled to equitable tolling and his 2004 federal habeas petition is timely. *See id*. at 1057 ("Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition.").

Because we find that Phenix's petition is timely under *Harris*, we decline to reach the other certified issue.

We construe Phenix's additional arguments as a motion to expand the

certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam). His motion to expand the certificate of appealibility is also denied. *See id*.

Last, Phenix's motion to enlarge index of authorities is denied.

**REVERSED and REMANDED.**

06-17128