**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EZZARD CHARLES ELLIS,

Petitioner - Appellant,

v.

C. M. HARRISON, Warden,

Respondent - Appellee.

No. 10-56441

D.C. No. 5:05-cv-00520-SJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Ezzard Charles Ellis appeals from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We

have jurisdiction under 28 U.S.C. § 2253, and we reverse.

------

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court concluded that Ellis is not entitled to equitable tolling of AEDPA's statute of limitations because he did not demonstrate actual reliance on *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), *abrogated by Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). This court has since concluded that a petitioner's actual reliance on precedent that is later overturned may be presumed in circumstances such as those presented in this case. *See Nedds v. Calderon*, 678 F.3d 777, 782-83 (9th Cir. 2012). The record shows that Ellis believed he could pursue relief in state court without jeopardizing his ability to file in federal court. The record further shows that he pursued his rights diligently, "while ensuring that enough time would remain to file a federal habeas petition under the then-existing *Dictado* rule." *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008). Thus, Ellis is entitled to equitable tolling and Ground One of his 2005 federal habeas petition is timely. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) (AEDPA's statute of limitations "applies to each claim in a habeas application on an individual basis"); *Harris*, 515 F.3d at 1057 ("Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition.").

We decline to consider appellee's argument that Ground One is procedurally defaulted. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (declining to consider arguments raised for the first time on appeal).

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**