**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM EMERSON TOWNSEND,
            *Petitioner-Appellant,*

v.

MICHAEL KNOWLES, Warden, Ione
State Prison,
            *Respondent-Appellee.*

No. 07-15712

D.C. No.
CV-03-00520-
GEB(PAN)

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted
March 9, 2009—San Francisco, California

Filed April 21, 2009

Before: Procter Hug, Jr. and Carlos T. Bea, Circuit Judges,
and Nancy G. Edmunds,* District Judge.

Opinion by Judge Edmunds

*The Honorable Nancy G. Edmunds, United States District Judge for
the Eastern District of Michigan, sitting by designation.

**COUNSEL**

John Paul Balazs, Law Offices of John P. Balazs, for the petitioner-appellant.

Robert Todd Marshall, Assistant Attorney General, AGCA - Office of the California Attorney General (SAC), for the respondent-appellee.

**OPINION**

EDMUNDS, District Judge:

William Emerson Townsend, a California state prisoner, appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition, which challenged his conviction for second degree murder. In this appeal, we are asked to decide whether Townsend's petition is untimely based on an intervening change in the law, *see Pace v. DiGuglielmo*, 544 U.S. 408 (2005). We conclude that, although he is ineligible for statutory tolling, Townsend is entitled to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), *cert. denied sub nom. Brunson v. Harris*, 129 S. Ct. 397 (2008). Because equitable tolling renders Townsend's petition timely filed, we consider the merits of his appeal. We affirm the district court's denial of Townsend's habeas petition. The district court correctly concluded that the California Superior Court's rejection of Townsend's due process and ineffective assistance claims was not contrary to or an unreasonable application of clearly established federal law.

**I**

**A. State Court Proceedings**

On June 10, 1997, a complaint was filed in Sacramento County Superior Court charging Townsend with one count of

murder and alleging an enhancement that he personally used a dangerous weapon, i.e., a knife, during the charged crime of murder. A jury acquitted Townsend of first degree murder but found him guilty of the lesser included crime of second degree murder. Cal. Penal Code § 187. The jury also found true the allegation that Townsend personally used a knife during the murder. Cal. Penal Code § 12022(b).

On September 4, 1998, Townsend was sentenced to 15 years to life for his conviction of second degree murder and was further ordered to serve a one-year consecutive sentence for his personal use of a knife within the meaning of California Penal Code § 12022(b). That same day, Townsend filed a notice of appeal.

On June 30, 2000, the California Court of Appeal affirmed Townsend's judgment and sentence. Townsend filed a timely petition for review in the California Supreme Court. That petition was denied on October 18, 2000.

On November 20, 2001, Townsend filed a state habeas petition in the Sacramento Superior Court raising for the first time the claims he later raised in his federal habeas petition.

On December 17, 2001, the Superior Court issued a reasoned opinion denying Townsend's habeas petition as both untimely under *In re Clark*, 855 P.2d 729 (Cal. 1993), and without merit.

On February 7, 2002, Townsend filed a state habeas petition in the California Court of Appeal reiterating the claims asserted in his Superior Court petition.[1] The California Court

---

[1]Under California law, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.' " *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008) (internal quotations and citations omitted).

of Appeal denied Townsend's petition without explanation on February 21, 2002.

On June 13, 2002, Townsend filed a state habeas petition in the California Supreme Court reiterating the same claims as those asserted in his Superior Court petition. The California Supreme Court issued a silent denial of Townsend's state habeas petition on January 22, 2003.

## B.   Federal Court Proceedings

On March 13, 2003, Townsend filed his federal habeas petition in the district court, and it was referred to a magistrate judge. The government filed an answer on July 8, 2003 that did not assert, as an affirmative defense, that the one year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), had expired.

On April 21, 2006, the magistrate judge filed findings and recommendations, finding that Townsend's claims were not procedurally defaulted but recommending that Townsend's petition be denied on the merits. Townsend filed objections on May 7, 2006. The district court, after a de novo review, adopted the findings and recommendations in full, and denied Townsend's federal habeas petition on June 5, 2006.

Townsend filed a timely notice of appeal, and this court granted Townsend's certificate of appealability with respect to the following three issues: (1) whether the trial court erred by instructing the jury with regard to the felony murder rule; (2) whether trial counsel provided ineffective assistance by failing to challenge the instruction; and (3) whether these claims are procedurally barred.[2]

---

[2]We decline to address the uncertified issue in this case because Townsend has not satisfied his burden of showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II

### A. Timeliness of Townsend's Federal Habeas Petition

Before addressing the merits of Townsend's petition, we must decide whether that petition is untimely based on an intervening change in the law, *see Pace v. DiGuglielmo*, 544 U.S. at 413-14.**³** "The facts underlying this claim for tolling of AEDPA's limitations period are undisputed. We review de novo whether the statute of limitations should be tolled." *Harris*, 515 F.3d at 1054.

Townsend's conviction became final on January 16, 2001, and absent tolling, the last day for Townsend to file a federal habeas petition was January 16, 2002. Townsend's judgment of conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. "A judgment becomes final for purposes of 28 U.S.C. § 2244(d) when the period for filing a petition for certiorari in the U.S. Supreme Court expires. Petitions for certiorari must be filed in the U.S. Supreme Court within 90 days after the supreme court of the state in which the prisoner was convicted issues its opinion or denies review." *Harris*, 515 F.3d at 1053 n.1 (internal citations omitted). As shown below, Townsend is not eligible for statutory tolling but is entitled to equitable tolling.

---

**³**Townsend argues that the government waived any challenge to the timeliness of his petition by failing to raise the statute of limitations as an affirmative defense before the district court. Although this court will not generally address issues raised for the first time on appeal, where as here there has been an intervening change in law that we need only apply to an adequately developed record, we may consider the issue. *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1156 (9th Cir. 2008). Because the Supreme Court's decision in *Pace* changed the controlling law regarding tolling of the statute of limitations for habeas corpus petitions and the record is adequately developed in this regard, we choose to address the timeliness of Townsend's petition.

### 1. Statutory Tolling

**[1]** AEDPA imposes a one-year statute of limitations period for federal habeas petitions and also addresses tolling of that limitations period. 28 U.S.C. § 2244(d). Section 2244(d)(2) provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* at 2244(d)(2) (emphasis added). The United States Supreme Court has interpreted the statutory term "properly filed." In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), it determined that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." It was subsequently determined, in *Pace*, 544 U.S. at 417, that a state's "time limits, no matter their form, are 'filing' conditions." Accordingly, if "the state court rejected" a state habeas petition "as untimely, it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Id.*; *accord Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (observing that "[t]he fact that California provides exceptions to its timely filing requirement" and "the fact that the superior court also denied [the petitioner]'s petition on the merits" do not alter the conclusion that an untimely state filing is not properly filed within the meaning of § 2244(d)(2)), *opin. amended on other grounds*, 439 F.3d 993 (9th Cir. 2006).

**[2]** Townsend is not entitled to statutory tolling. Because the California Court of Appeal and Supreme Court denied his state habeas petitions without any reasoning, we look to the Sacramento Superior Court's decision denying Townsend's habeas petition as the last reasoned state court decision. *Martinez v. Garcia*, 379 F.3d 1034, 1037 n.2 (9th Cir. 2004). The California Superior Court held that Townsend's petition was untimely; and, therefore, the petition was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. at 413-14, 417; *Bonner*, 425 F.3d at 1148-49. Absent equitable

tolling, Townsend's habeas petition is time-barred because AEDPA's one-year statute of limitations period expired on January 16, 2002, and he did not file his federal habeas petition until March 13, 2003.

## 2.   Equitable Tolling

**[3]** Although he is ineligible for statutory tolling, Townsend is entitled to equitable tolling. The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (clarifying that this court's standard for equitable tolling is consistent with the standard discussed in *Pace*). In *Harris,* this court observed that "[u]ntil the Supreme Court decided *Pace* on April 27, 2005, our circuit law was different. Our precedent stated that an untimely . . . State post-conviction petition was 'properly filed' for purposes of § 2244(d) and tolled the statute of limitations while the petition was pending in the state courts." *Harris*, 515 F.3d at 1053 (citing *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001)). Prior to *Pace*, this court had determined that § 2244(d)'s statute of limitations was tolled for " 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Harris*, 515 F.3d at 1053 n.3 (quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)). After *Pace*, an untimely filed state habeas petition no longer tolls § 2244(d)'s one-year statute of limitations. The petitioner in *Harris*, similar to Townsend here, "argued that he was entitled to equitable tolling of the statute of limitations because he relied on controlling Ninth Circuit precedent in waiting to file his federal habeas petition." *Harris*, 515 F.3d at 1054. This court found Harris' argument persuasive. It concluded that his "circumstances justify equitable tolling" because he "diligently pursued his rights" in state court and "ensur[ed] that enough time

would remain to file a federal habeas petition under the then-existing *Dictado* rule." *Id.* at 1055-56. Through no fault of his own, "Harris' petition became time-barred the moment that *Pace* was decided." *Id.* at 1056. "The Supreme Court's overruling of the *Dictado* rule made it impossible for Harris to file a timely petition." *Id.* This court concluded that "[t]hese are precisely the circumstances in which equitable principles justify tolling of the statute of limitations." *Id.* The same holds true here.

**[4]** Townsend asserts that he relied on controlling Ninth Circuit precedent in waiting to file his federal habeas petition. Townsend also diligently pursued his rights in his post-conviction habeas petition in the state courts and ensured that he had enough time remaining to file a federal habeas petition under the then-existing *Dictado* rule. Under that rule, 308 days had expired between January 17, 2001, when AEDPA's one-year statute of limitations period began to run, and November 20, 2001, when Townsend filed his first state habeas petition. The entire period of time between November 20, 2001 and the California Supreme Court's summary denial of his state habeas petition on January 22, 2003 would have been tolled under the then-existing *Dictado* rule. An additional 50 days elapsed between that January 22, 2003 date and the day he filed his federal habeas petition on March 13, 2003. Because less than 365 days had expired, Townsend's federal habeas petition would have been considered timely pre-*Pace*. Accordingly, we conclude that equitable principles dictate that AEDPA's one-year statute of limitations be tolled here.

We now consider whether Townsend's claims were procedurally defaulted. This court reviews de novo the denial of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. *Harris*, 515 F.3d at 1054.

## B.   Procedural Default

The Sacramento County Superior Court denied Townsend's first post-conviction habeas petition as untimely. The govern-

ment argues, therefore, that Townsend's claims were procedurally defaulted. The district court concluded that the government failed to meet its burden of proving that California's untimeliness rule is an independent and adequate state procedural ground for denying habeas relief. We affirm the district court's decision.

**[5]** If the state court's denial of Townsend's state habeas petition for untimeliness "rest[ed] on a state law ground that is independent of the federal question and adequate to support the judgment,' " then Townsend "is procedurally barred from pursuing his claims in federal court." *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). To constitute a procedural bar, the state's rule had to be independent and adequate at the time Townsend purportedly failed to comply with it. *See Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997). We consider whether the California timeliness bar was independent and adequate in 2001, when the state trial court found Townsend's petition to be untimely. This court has recognized that California's timeliness rule became independent of federal law in 1998, *Bennett*, 322 F.3d at 582-83, so we need only consider whether the California timeliness rule was adequate as of 2001.

To be adequate, a state procedural rule must be "well-established and consistently applied." *Id.* at 583. A procedural rule can be neither well-established nor consistently applied if it is not "clear and certain." *King v. LaMarque*, 464 F.3d 963, 965 (9th Cir. 2006). State procedural rules allowing the exercise of judicial discretion are not necessarily uncertain, but the exercise of any such discretion must be according to standards that are not vague or ambiguous. *Bennett*, 322 F.3d at 583; *see King*, 464 F.3d at 966 ("[S]tate procedural rules with overly vague standards do not provide petitioners with sufficient notice of how they may avoid violating the rules.").

**[6]** The government concedes that under the burden-shifting analysis articulated in *Bennett*, it bears the burden of

proving the adequacy of the California rule. *See* 322 F.3d at 585-86. To do so, the government should present state authority regarding the rule. *See id.* at 586. Because California's timeliness rule differs for capital and non-capital cases, capital cases should only be considered in non-capital cases insofar as they discuss the aspects of the rule that apply to all state habeas petitions. *See id.* at 581-83 (considering capital cases to determine whether the state bar was independent of federal law but noting that reliance on a capital case was misplaced in deciding the adequacy of the timeliness rule for a non-capital case). Also, state authority from after the time of the purported default is generally irrelevant in determining whether the rule was adequate at the time in question. *Lambright v. Stewart*, 241 F.3d 1201, 1203 n.2 (9th Cir. 2001). Thus, to meet its burden, the government in this case should have presented state authority showing that the timeliness rule was clear and certain, well-established, and consistently applied in non-capital cases as of 2001.

**[7]** To show that the California timeliness rule was clear at the time of Townsend's purported default, the government offers this court's definition of the state rule and argues that the rule is easily defined. We disagree. In California, a habeas petition is untimely if it is filed after an unjustified, substantial delay. *In re Clark*, 855 P.2d 729, 750, 762-63 (Cal. 1993); *see also King*, 464 F.3d at 966; *Bennett*, 322 F.3d at 581. This rule is easily stated, but "substantial delay" has not yet been defined. For capital cases, California has offered some guidance. The California Supreme Court adopted standards for habeas petitions in capital cases in 1986, those standards created "a presumption of timeliness if a [habeas] petition by a capital defendant is filed within 90 days of the final due date for the filing of an appellant's reply brief [on direct appeal] . . . ." *Clark*, 855 P.2d at 751. At least for capital cases, it seems that anytime within 90 days[4] after the reply brief due date is not "substantial delay."

---

[4]Since deciding *Clark*, the California Supreme Court has extended the presumptively timely period for habeas petitions in capital cases to 180

As the government admits, this presumption of timeliness does not apply to non-capital cases. *See id.* at 751. In *King*, this court noted that in *Clark* the California Supreme Court provided no standards for determining what constitutes "substantial delay" in a non-capital case, 464 F.3d at 966, and the government here offers no state authority setting forth such standards. The government attempts to prove the certainty of the rule by noting how frequently it is applied, to capital and non-capital cases alike. Frequent application of a vague standard in dispositions that offer no guidance, however, does not serve to clarify that standard. *See King*, 464 F.3d at 966 ("The rule's ambiguity is not clarified by the California Supreme Court's application of the timeliness bar, in part because the court usually rejects cases without explanation, only citing *Clark* and *Robbins*, as it did here."). The government also urges us to consider the clarity of the exceptions to the general rule, for example, when "substantial delay" is justified. No matter how clear the exceptions may be, they do not lend clarity to the underlying rule. *See id.*

In a unique argument, the government contends that California's timeliness bar is certain because it is similar to AEDPA's statute of limitations. Both timeliness bars, it argues, begin measuring the passage of time when a petitioner knew or should have known of the factual bases for his claim. *Compare In re Robbins*, 959 P.2d 311, 317 (Cal. 1998) ("Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.") *with* 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of . . . the date on

---

days after the reply brief due date or 36 months after appointment of appellate counsel, whichever is later. *See* Cal. Supreme Ct., Supreme Court Policies Regarding Cases Arising From Judgments of Death, policy 3, std. 1-1.1 (Jan. 1, 2008), *available at* http://www.courtinfo.ca.gov/courts/supreme/aa02f.pdf.

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). The two timeliness bars may share a type of triggering event, but the government ignores the major distinction: AEDPA requires filing within one year of that event and California requires a petitioner to file without "substantial delay" from that event. Clarity of the triggering event does not make clear what amount of time may pass before a filing is untimely.

[8] Because the government offers no evidence that California operated under clear standards for determining what constituted "substantial delay" in 2001, it failed to meet its burden of proving that California's timeliness bar was sufficiently clear and certain to be an adequate state bar. The district court correctly concluded that the government failed to meet its burden and that Townsend's claims are not procedurally defaulted. We, therefore, address the merits of Townsend's claims.

## C. Townsend's Due Process Rights

Townsend claims that he is entitled to habeas relief because the California trial court violated his Fourteenth Amendment due process rights when it instructed the jury on the crime of felony-murder, thus permitting the jury to convict him of second degree murder absent proof of malice aforethought. *See Carella v. California*, 491 U.S. 263, 265 (1989) (observing that "[t]he Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense."). We affirm the denial of Townsend's habeas claim based upon a violation of his due process rights.

Federal habeas corpus relief is available to a state prisoner when it is shown that "a state court's adjudication of his constitutional claim was 'contrary to, or involved an unreason-

able application of, clearly established Federal law, as determined by the Supreme Court of the United States.' " *Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (quoting 28 U.S.C. § 2254(d)(1)). Here, Townsend challenges "the state court's application of governing federal law," and thus he is required to show that this application is "not only erroneous, but objectively unreasonable." *Id.* (internal quotation marks and citations omitted).

**[9]** Due process requires that jury instructions in criminal trials give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt. *Id.* at 437. "Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Id.* Federal habeas relief is available for jury instruction errors that "so infected the entire trial that the resulting conviction violates due process," thus rendering the trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The challenged jury instructions "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* (internal quotation marks and citation omitted). "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Middleton*, 541 U.S. at 437. The law presumes that the jury follows the instructions given. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Townsend was charged with murder, and the state also alleged with specificity that he personally used a deadly and dangerous weapon, namely a knife, during the commission of the charged murder. Townsend's defense was that he acted at most in the heat of passion or at least in self-defense.

Townsend claims that, after the trial court instructed his jury on the elements of first and second degree murder and voluntary and involuntary manslaughter, it erroneously

instructed the jury on the theory of felony murder. Townsend argues that this erroneous instruction, when combined with instructions given on the enhancement allegation that Townsend personally used a deadly or dangerous weapon, rose to the level of a due process violation because it permitted the jury to convict him of felony murder without finding malice aforethought. We reject Townsend's arguments.

Townsend's jury was instructed on the elements of first degree murder, second degree murder, voluntary manslaughter, and involuntary manslaughter. These instructions expressly informed the jury that the crime of murder is the unlawful killing of a human being *with* malice aforethought whereas the crime of manslaughter is the unlawful killing of a human being *without* malice aforethought. The jury was given additional instructions based on California Criminal Jury Instructions 8.50 and 8.51 designed to help them to distinguish between the crimes of murder and manslaughter:

> The distinction between murder and manslaughter is that murder requires malice while manslaughter does not.
>
> * * *
>
> To establish that a killing is murder and not manslaughter, the burden is on the People to prove beyond a reasonable doubt each of the elements of murder, and that the act which caused the death was not done in the heat of passion, or upon a sudden quarrel or in the actual, even though unreasonable belief, in the necessity to defend against imminent peril to life or great bodily injury.
>
> * * *
>
> *If a person causes another's death, while committing a felony which is dangerous to human life, the crime*

*is murder.* If a person causes another's death while committing a misdemeanor or infraction which is dangerous to human life under the circumstances of its commission, the crime is involuntary manslaughter.

There are many acts which are lawful but nevertheless endanger human life. If a person causes another's death by doing an act or engaging in conduct in a criminally negligent manner, without realizing the risk involved, he is guilty of involuntary manslaughter. If, on the other hand, the person realized the risk and acted in total disregard of the danger to life involved, malice is implied, and the crime is murder.

(Emphasis added).

The jury was also instructed on the enhancement allegation. If the jury found Townsend guilty of the charged crime of murder or the lesser included crime of manslaughter, they were instructed to then determine whether the government had proven beyond a reasonable doubt that Townsend had personally used a deadly or dangerous weapon during the commission of the crime of murder or manslaughter.

Townsend improperly plucks a sentence that references both "felony" and "murder" from a jury instruction illustrating the difference between murder and manslaughter, combines it with the enhanced allegation instruction, and argues that these instructions permitted the jury to convict him of felony murder absent a finding of malice aforethought because an underlying felony—assault with a deadly weapon—was an integral part of the murder and merged with the charged crime of murder. *See People v. Hansen*, 885 P.2d 1022, 1028 (Cal. 1994), *overruled by People v. Sarun Chun*, ___ P.3d ___, 2009 WL 805180 (Cal. 2009).[5] Townsend's argument ignores

---

[5]In *Sarun-Chun*, the California Supreme Court overruled *Hansen*, applying a new merger analysis for felony-murder, but under the new

essential facts. He was not charged with and his jury was not instructed on felony-murder. *See* Cal. Crim. J. Instr. 8.32. He was not charged with and his jury was not instructed on any felony other than murder and manslaughter. He was not charged with the felony of assault with a deadly weapon, and his jury was not instructed that an assault with a deadly weapon is a felony that is inherently dangerous to human life. Townsend's jury, therefore, had no basis for imputing malice based upon the uncharged felony of assault with a deadly weapon.

[10] Townsend was found guilty of second degree murder.[6] The second degree murder instructions required the jury to find that Townsend acted with either express or implied malice aforethought. He was not acquitted of murder and found guilty of the lesser included charge of manslaughter—a charge that did not require proof of malice aforethought. Thus, contrary to Townsend's arguments here, the jury must have found that he acted with malice.

Townsend's reliance on *Suniga v. Bunnell*, 998 F.2d 664, 666 (9th Cir. 1993), is misplaced. Unlike the tangential reference at issue here, in *Suniga*, the trial court did instruct the jury on the separate theory of felony-murder. Unlike here, the jury in *Suniga* was also instructed that an assault with a deadly weapon is a felony that is inherently dangerous to human life. *Id.* at 666, 668-70. The *Suniga* court found a due process violation because, by virtue of being instructed on felony murder as well as the felony of assault with a deadly weapon, the jury could have convicted Suniga of murder by

analysis we believe assault with a deadly weapon would continue to merge with murder. *Sarun-Chun*, 2009 WL 805180 at *17-18. Given our conclusion, the change is irrelevant.

[6]The jury also found that the government had proven beyond a reasonable doubt that Townsend had personally used a deadly or dangerous weapon during the commission of the crime of murder.

inappropriately relying on his commission of the underlying felony and without considering the element of malice. *Id.* at 669-70. Because Townsend's jury was not provided with the instructions found objectionable in *Suniga*, the reasoning and result in that decision do not apply here.

**[11]** Considering the challenged instruction in the context of all the instructions provided, we conclude that its tangential reference to "felony" and "murder" did not so infect the trial "that the resulting conviction violates due process." *Estelle*, 503 U.S. at 72. A review of Townsend's jury instructions has not shown that "there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (internal quotation marks and citation omitted).

**[12]** Because the challenged jury instruction did not so infect the entire trial that Townsend's resulting conviction violated due process, we conclude that the district court did not err when it denied Townsend's claim for habeas relief. The district court correctly concluded that the California Superior Court's rejection of Townsend's due process claim was not contrary to or an unreasonable application of clearly established federal law.

## D.   Ineffective Assistance of Counsel

**[13]** Townsend claims that his trial counsel rendered ineffective assistance because he failed to object to the jury instruction that made the alleged reference to felony murder. The Sixth Amendment guarantees the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, Townsend must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's conduct. *Id.* at 687. Because Townsend suffered no prejudice as a result of his trial counsel's inaction, we conclude that the district court did not err when it denied Townsend's claim for habeas relief.

**[14]** Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Townsend cannot demonstrate prejudice for the same reasons he cannot show error in his direct challenge to the jury instruction that allegedly references felony murder. As discussed above, it was not reasonably likely that the jury based Townsend's second degree murder conviction upon the challenged instruction because the jury was not instructed on any underlying felony, was not instructed that an assault with a deadly weapon was a felony that was inherently dangerous to human life, and was not instructed on the elements of felony murder. When considered in the context of all the instructions provided to Townsend's jury, even if Townsend's counsel had objected and excluded the challenged instruction, "the probability that the result would have been different is far from reasonable." *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000). Because he has not shown that his counsel's silence on this issue prejudiced him, Townsend's claim of ineffective assistance fails.

## III

We AFFIRM the district court's decision denying Townsend's 28 U.S.C. § 2244 habeas petition. The district court correctly concluded that the California Superior Court's rejection of Townsend's jury instruction and ineffective assistance claims was not contrary to or an unreasonable application of clearly established federal law.

**AFFIRMED.**