HAWKINS, Circuit Judge,
dissenting:
Even were we to assume that the failure of Elvik’s state habeas lawyer to inform him of the Nevada Supreme Court’s final action constitutes an “extraordinary circumstance” for equitable tolling purposes, he offers no explanation how this circumstance “caused” the untimeliness of his federal filing or otherwise made it “impossible” for him to file a timely federal petition during or after the three years his limitation period was statutorily tolled. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.2006) (to receive equitable tolling, a petitioner must show that extraordinary circumstances “ma[d]e it impossible to file a petition on time” and the “extraordinary circumstances ... cause[d] ... [the] untimeliness” (internal quotations omitted)). Nothing prevented Elvik from retaining federal habeas counsel and taking the steps necessary to comply with AEDPA’s one-year filing requirement either during the eighteen months after his state habeas petition was submitted for decision or the 130 days after he received notice of final action by the Nevada Supreme Court.
The district court’s conclusion that Elvik failed to meet the “very high” threshold for equitable tolling should be affirmed. See Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir.2009).