FILED

NOV 20 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES W. MARTIN, | No. 08-15752 |
| Petitioner - Appellant, | D.C. No. 2:99-CV-00223-WBS-GGH |
| v. | |
| JAMES WALKER, Warden; et al., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 6, 2009
San Francisco, California

Before: FERNANDEZ and THOMAS, Circuit Judges, and ALDRICH, [**] District Judge.

Charles W. Martin appeals the district court's denial of his habeas petition challenging his jury conviction of murder and robbery. Because the parties are

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

familiar with the factual and procedural history of this case, we need not recount it here.

We reverse the judgment of the district court, a decision which we review *de novo*. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003) (stating standard of review for dismissals of habeas petitions based on state procedural defaults).

This appeal follows this Court's remand in prior appeal No. 05-15524, which remanded for determination of the adequacy of California's timeliness rule set forth in *In re Cark*, 855 P.2d 729 (1993) and *In re Robbins*, 959 P.2d 311 (1998). California's timeliness rule became independent of federal law in 1998. *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003). To be adequate, the state procedural rule must be "well established and consistently applied." *Id.* at 583. A state procedural rule can be neither "well-established nor consistently applied if it is not clear and certain." *Townsend v. Knowles*, 562 F.3d 1200, 1207 (9th Cir. 2009). To constitute a procedural bar, the state's rule had to be adequate at the time petitioner purportedly failed to comply with it. *Townsend*, 562 F.3d at 1206. Here, the adequacy of the California timeliness bar must be measured at the time Martin filed his state habeas petition with the California Supreme Court on May 18, 2001. *See Valerio v. Crawford*, 306 F.3d 742, 776 (9th Cir. 2002) ("In order to constitute adequate and independent grounds sufficient to support a finding of

procedural default, a state rule must be clear, consistently applied, and well-established *at the time of petitioner's purported default*.").

We held in *Townsend* that the government failed to prove that California "operated under clear standards for determining what constituted 'substantial delay' in 2001," and therefore "failed to meet its burden of proving that California's timeliness bar was sufficiently clear and certain to be an adequate state bar." *Townsend*, 562 F.3d at 1208. We rejected the arguments based on AEDPA, agreed that "substantial delay" has not yet been defined, and determined that "frequent application of a vague standard in dispositions that offer no guidance, however, does not serve to clarify that standard." *Townsend*, 562 F.3d at 1208.

The State argues that it was hindered in its presentation of evidence in *Townsend*, and that we should therefore ignore the decision. However, even if we could, there is nothing in the record of this case that would cause us to alter *Townsend's* conclusion. Of the nineteen combined cases cited by the State and the district court, only three were decided prior to 2002, the relevant date in this case. Most of the decisions only mention *Clark* or *Robbins* in a footnote or to support an ancillary point. The decisions that do discuss *Clark* or *Robbins* do not form a coherent pattern of consistent application. *Compare, e.g.*, *In re Little*, No. D047468, 2008 WL 142832 (Cal. Ct. App. Jan. 16, 2008) (fourteen months not an

unreasonable delay), *with People v. Fairbanks*, No. C047810, 2006 WL 950267 (Cal. Ct. App. Apr. 11, 2006) (one year delay substantial and untimely).

In sum, unlike other states, California has chosen to employ an undefined standard of "substantial delay" in denying state habeas petitions for untimeliness, rather than using fixed statutory deadlines. We have concluded in *Townsend*, and other cases, that this standard has yet to be firmly defined and that the state has not met its burden of proof of showing that the standard is consistently applied. After a careful review of the record in this case, that conclusion remains unaltered.

We reverse the district court's judgment and remand for a determination of petitioner's claim on the merits. Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**