**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



CARL OTIS SULLIVAN,

              Petitioner - Appellant,

    v.

NEVINS, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

              Respondents - Appellees.

No. 09-16489

D.C. No. 2:05-cv-00448-RCJ-RJJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 14, 2010
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and PALLMEYER, District
Judge.**

---

     *This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **The Honorable Rebecca R. Pallmeyer, United States District Judge for the
Northern District of Illinois, sitting by designation.

Petitioner Carl Otis Sullivan, a Nevada state prisoner serving consecutive sentences for robbery and related crimes, appeals the district court's judgment dismissing his petition for habeas relief as untimely. We vacate and remand.

Sullivan's federal habeas petition was timely filed because the time during which his state habeas petition was pending is equitably tolled under *Harris v. Carter*, 515 F.3d 1051, 1054-56 (9th Cir. 2008), and *Townsend v. Knowles*, 562 F.3d 1200, 1205-06 (9th Cir. 2009). First, although the district court has been equivocal on this issue, we are satisfied by its initial finding that Sullivan was diligent in pursuing his rights. The Nevada trial court committed several procedural missteps in Sullivan's case, prolonging the pendency of his state proceedings. In an effort to mitigate these difficulties, the parties stipulated that Sullivan's state petition should be treated as timely and the state trial court agreed. Though the Nevada Supreme Court ultimately held the stipulation to be invalid and ruled that his state petition was untimely, Sullivan was not guilty of any oversight or negligence in relying on the reasonable representations of both the state trial court and the state's stipulation. Throughout his state proceedings, Sullivan continued to actively pursue his case and ultimately filed his federal petition within one year of the termination of his state post-conviction review. Second, as in *Harris*, Sullivan asserts that he relied on controlling Ninth Circuit precedent in

2

*Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), in waiting to file his federal habeas petition. We do not read *Harris* and *Townsend* as requiring more. *See Harris*, 515 F.3d at 1054, 1055; *Townsend*, 562 F.3d at 1206. Sullivan has therefore satisfied the requirements for equitable tolling.

**VACATED and REMANDED.**

*Sullivan v. Nevins*
No. 09-16489

RYMER, Circuit Judge, concurring.

I join in the judgment.