**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE JAMES BURKE, | No. 08-16187 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00459-FCD |
| v. | MEMORANDUM[*] |
| MICHAEL MARTEL, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Terrance James Burke appeals from the district

court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Burke contends that he was entitled to equitable tolling due to his reliance on *Dictado v. Ducharme,* 244 F.3d 724, 726, 727-28 (9th Cir. 2001), *abrogated by Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005). In the alternative, Burke seeks an evidentiary hearing on his claim to equitable tolling.

Reliance on circuit precedent subsequently overruled by the Supreme Court can constitute an extraordinary circumstance that may warrant equitable tolling. *See Harris v. Carter,* 515 F.3d 1051, 1054, 1057 (9th Cir. 2008); *see also Townsend v. Knowles,* 562 F.3d 1200, 1205-06 (9th Cir. 2009). In order to establish entitlement to such tolling, however, Burke must show that he was diligent in pursuing post-conviction relief. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010).

Burke contends that he was diligent in pursuing his state post-conviction remedies, given personal and health problems, as well as constraints on his law library access. Accepting as true that Burke in fact relied on *Dictado*, and crediting the veracity of his explanations for delays in filing each of his three state habeas petitions, Burke nonetheless fails to demonstrate the requisite diligence. In particular, Burke fails to account for periods of time during which he was unimpeded by the burdens that he cites as justifying the lengthy delays between filings. The district court did not abuse its discretion in denying an evidentiary

hearing on the tolling question, as the facts, even if established as true, do not demonstrate the necessary diligence. *Cf. Harris,* 515 F.3d at 1052-54; *Townsend,* 562 F.3d at 1203.

Absent equitable tolling, Burke's federal habeas petition was filed two years and nine months beyond the AEDPA deadline. Accordingly, the district court's judgment dismissing his petition as untimely was correct.

We construe Burke's additional contentions with respect to *Thorson v. Palmer*, 479 F.3d 643 (9th Cir. 2007), and *In re Robbins,* 18 Cal. 4th 770 (Cal. 1998), as a motion to expand the certificate of appealability, and we deny the motion. *See Newdow v. Lefevre,* 598 F.3d 638, 644 (9th Cir. 2010).

**AFFIRMED.**

08-16187