NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-50507 |
| Plaintiff - Appellee, | D.C. No. CR-00-01047-SVW |
| v. | |
| ANDREW HANTZIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 31, 2010
Pasadena, California

Before: O'SCANNLAIN, GOULD and M. SMITH, Circuit Judges.

Defendant-Appellant Andrew Hantzis challenges his conviction and

sentence for possessing with intent to distribute, and distributing, at least 50 grams

of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The

district court sentenced him to concurrent terms of 211 months' imprisonment, five

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

years of supervised release, and a $4,000,000 fine. We have jurisdiction over the final judgment of conviction under 28 U.S.C. § 1291.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts, except as necessary to explain the decision. In a separate opinion, we address Hantzis's Sixth Amendment right to counsel and alleged violations under *Faretta v. California*, 422 U.S. 806 (1975). We now review Hantzis's other assignments of error. We affirm.

First, evidence of Hantzis's two prior state arrests for methamphetamine trafficking was properly admitted under Federal Rule of Evidence 404(b) as "[e]vidence of other crimes" to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake of accident." There is no requirement than an arrest must lead to a conviction in order to be admissible. *See, e.g.*, *United States v. Scott*, 767 F.2d 1308, 1311 (9th Cir. 1985).

Second, the admission of the prior arrest evidence was not unduly prejudicial under Federal Rule of Evidence 403. Evidence of similar prior acts is admissible to rebut defenses of entrapment and mere presence. *See United States v. Simtob*, 901 F.2d 799, 807–08 (9th Cir. 1990). The district court also provided a limiting instruction that mitigated potential prejudice. *See, e.g.*, *Townsend v.*

*Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) ("The law presumes that the jury follows the instructions given.").

Third, the district court did not err in denying Hantzis's motion for a new trial based on an alleged *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the government is obliged to produce all "evidence favorable to an accused" that is "material either to guilt or punishment"). The evidence related to Hantzis's drug supplier, Gallardo, was not favorable to Hantzis. The police report was not favorable because it established only that Gallardo was arrested on methamphetamine charges—a fact that both parties used at trial. Furthermore, evidence of Gallardo's arrest, through both the police report and the phone call, was inculpatory because it supported the government's theory that Hantzis used a supplier to acquire and sell methamphetamine.

Fourth, the $4,000,000 fine was not excessive. The district court was statutorily entitled to impose a fine twice the amount than what it actually fined Hantzis. *See, e.g.*, *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (holding that a fine violates the Eighth Amendment "if it is grossly disproportional to the gravity of a defendant's offense"). Furthermore, the nature of Hantzis's offense reveals a substantial level of culpability. *See id*. at 337–39. Finally, there was evidence that Hantzis was very wealthy, and as he refused to submit a financial

3

affidavit, there was no evidence that a fine would "deprive [him] of his livelihood."

*Id*. at 335.

**AFFIRMED**.