FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAUNTAY JERMAINE WHEATON, | No. 09-17626 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00397-LRH-VPC |
| v. | |
| MCDANIEL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before:  HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Petitioner Shauntay Jermaine Wheaton (Wheaton) challenges the district

court's denial of his habeas petition.  Wheaton contends that the Nevada Supreme

Court unreasonably applied *Miranda v. Arizona*, 384 U.S. 436 (1966), in holding

that his confession was voluntary.  Wheaton also posits that habeas relief is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

warranted because of prosecutorial misconduct and instructional error due to an erroneous implied malice jury instruction.

1.     The Nevada Supreme Court's decision that Wheaton's confession was voluntary was not an unreasonable application of *Miranda*, as the Nevada Supreme Court took "into consideration the totality of all the surrounding circumstances-both the characteristics of the accused and the details of the interrogation." *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (citations and internal quotation marks omitted).  Moreover, Wheaton's voluntary statement to a corrections assistant was admissible independent of whether Wheaton's confession was voluntary.  *See Saleh v. Fleming*, 512 F.3d 548, 551-52 (9th Cir. 2008).

2.     Given the state trial court's instruction for the jury to disregard the prosecutor's Biblical reference and the overwhelming evidence against Wheaton, the prosecutor's isolated Biblical reference and alleged vouching did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process."  *Hein v. Sullivan*, 601 F.3d 897, 912 (9th Cir. 2010) (citation and internal quotation marks omitted); *see also Rhoades v. Henry*, 598 F.3d 495, 510 (9th Cir. 2010) ("We presume the jury followed the court's instructions.").

2

**3.**     The Nevada Supreme Court's ruling that the implied malice instruction was not an impermissible mandatory presumption was reasonable.  The implied malice instruction was a permissive inference that did not relieve the prosecution of its burden of proof.  *See Francis v. Franklin*, 471 U.S. 307, 314 (1985) ("A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.").  Because the jury found Wheaton guilty of first degree murder, the implied malice instruction did not "so infect[ ] the entire trial that the resulting conviction violate[d] due process, thus rendering the trial fundamentally unfair." *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) (citation and internal quotation marks omitted).

**AFFIRMED.**