Filed 3/9/21  P. v. Townsend CA3
Reposted to provide corrected version

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092228 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F04542) |
| v. | |
| WILLIAM TOWNSEND, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant William Townsend's petition for resentencing under Penal Code[1] section 1170.95.  To facilitate our review, we will summarize the relevant background facts from our nonpublished opinion in

---

[1]    Further undesignated section references are to the Penal Code.

1

defendant's previous appeal from the underlying conviction. (*People v. Townsend* (June 30, 2000, C030565) [nonpub. opn.].).)[2]

Defendant got in a fight with the victim, the son-in-law of defendant's fiancée, in front of the fiancée's house. The victim "pushed and choked defendant" before the two broke apart and defendant went into the house. The victim headed toward his car, which was parked on the street. About 30 seconds later, defendant came out of the house with a large knife and stabbed the victim in the chest, killing him. (*People v. Townsend*, *supra*, C030565 at pp. 2-4, 6.)

The jury found defendant guilty of second degree murder and found true an allegation he personally used a deadly weapon, a knife, in the murder. (*People v. Townsend*, *supra*, C030565 at p. 1.) The trial court sentenced defendant to a term of 16 years to life. We affirmed defendant's conviction on appeal. (*Id*. at p. 24.)

After the enactment of section 1170.95, defendant filed a postjudgment petition for resentencing. (Senate Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 4.) In the petition, defendant stated he "committed the homicidal act," but asserted the jury at his trial had been instructed on a felony-murder theory and his conviction had thus been "obtained in violation of due process." The petition also attached various documents from his case file, such as the opening brief for defendant's habeas appeal before the Ninth Circuit Court of Appeals, jury instructions and minute orders from trial, an abstract of judgment, and a parole reference letter. The trial court appointed counsel to represent defendant and both parties submitted briefing.

The trial court issued a written order denying the petition, finding: "Not in dispute is that Defendant Townsend was (1) the actual killer and (2) convicted of malice murder

---

[2]     This opinion is part of defendant's record of conviction. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 333, review granted Mar. 18, 2020, S260493, citing *People v. Woodell* (1998) 17 Cal.4th 448, 456.)

in this case. The jury acquitted him of first-degree murder but convicted him of second-degree murder and found true the allegation that he personally used a dangerous/deadly weapon (a knife) in the commission of the murder. Theories of manslaughter (both voluntarily[*sic*] and involuntary) were rejected by the jury.

"As noted by the Ninth Circuit Court of Appeals in its opinion denying federal habeas corpus relief from this judgment (*Townsend v. Knowles* (9th Cir. 2009) 562 F.3d 1200, 1209): Defendant Townsend's jury was not instructed on felony-murder; his jury was not instructed on any felony other than murder and manslaughter; his jury was not instructed on felony assault with a deadly weapon; nor was his jury instructed that an assault with a deadly weapon is a felony that is inherently dangerous to human life. Therefore, contrary to Defendant Townsend's claims, the jury would have had no basis to *impute* malice to him from the uncharged felony of assault with a deadly weapon.

"Further, there is no question that Defendant Townsend was not convicted under a theory of natural and probable consequences. His jury was not instructed on this doctrine either. [¶] . . . . [¶] Newly amended Penal Code sections 188 and 189 still allow murder liability where a defendant kills with malice aforethought. Defendant Townsend is such a person.

"Because Defendant Townsend has failed to make a prima facie showing -- and the Court finds that he is not entitled to relief as a matter of law -- his petition for resentencing is DENIED pursuant to Penal Code section 1170.95."

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief and has filed a supplemental brief arguing: (1) defendant was convicted of second degree murder based on a now nonexistent theory of felony murder;

3

(2) the trial court erred when it instructed the jury on voluntary manslaughter; and (3) defendant has a history of good behavior in state prison.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.95 is an open question. Our Supreme Court has not spoken. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of our Supreme Court's authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements, and defendant has filed a supplemental brief.

Having examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Section 1170.95, subdivision (a) provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree

4

murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Defendant was convicted of second degree murder after he stabbed and killed the victim.  (*People v. Townsend*, *supra*, C030565.)  As the trial court noted, the jury at trial was not instructed on any felony murder or natural and probable consequences theory.  And, as defendant acknowledges, he was the actual killer.  Defendant is thus ineligible for relief because he fails to satisfy the requirements of section 1170.95, subdivision (a)(3) as a matter of law.  (*People v. Verdugo*, *supra*, 44 Cal.App.5th 320, 330 ["the petitioner is ineligible for relief as a matter of law [if] he or she was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3)) -- for example, a petitioner who admitted being the actual killer"], review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.)

To the extent defendant argues the court's jury instructions implicitly permitted the jury to use a felony-murder theory to find him guilty -- an argument defendant originally raised in his earlier habeas petition -- his argument was previously rejected on appeal.  (*Townsend v. Knowles* (9th Cir. 2009) 562 F.3d 1200, 1210, disapproved on another ground in *Walker v. Martin* (2011) 562 U.S. 307 [179 L.Ed.2d 62] ["Townsend's argument ignores essential facts.  He was not charged with and his jury was not instructed on felony-murder"].)  Defendant's arguments otherwise challenging the jury instructions given at trial are not cognizable on an appeal from the denial of a section 1170.95 petition.  (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 ["[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from"]; Cal. Rules of Court, rule 8.304(a)(4).)  Similarly, defendant's rehabilitative activities in prison, while commendable, do not assist in stating a prima facie basis for relief under section 1170.95.

We therefore affirm the trial court's order denying defendant's petition for resentencing.

## DISPOSITION

The order is affirmed.

/s/
Robie, J.

Hull, P. J. and Murray, J.

We concur in the result, but we would simply dismiss the appeal as being from a non-appealable order.

/s/ _____
Hull, Acting P. J.

/s/ _____
Murray, J.

1